7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jermaine Lee SIMMONS, Defendant-Appellant.
 No. 92-5680.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 11, 1993.
Decided: October 4, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 R. Temple Mayo, Williams, Mullen, Christian & Dobbins, for Appellant.
 Richard Cullen, United States Attorney, David T. Maguire, Assistant United States Attorney, James J. Reynolds, Third-Year Law Student, for Appellee.
 E.D.Va.
 AFFIRMED
 Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jermaine Lee Simmons was convicted and sentenced to five years imprisonment on one count of possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). He now appeals, challenging the district court's denial of his motions to suppress evidence, on the basis that the police lacked probable cause or reasonable suspicion to seize the crack cocaine which was the key evidence supporting his conviction. Finding no error, we affirm.
 
 I.
 
 2
 Simmons was named as a drug dealer by a confidential informant working for the South Hill, Virginia, Police Department. As a result, Officer Sims planned a controlled purchase of narcotics from Simmons on November 27, 1991, gave the informant a tape recorder to record the transaction, and set up a post-transaction meeting point. The informant returned soon thereafter with cocaine and a purported recording of the transaction. A second purchase was effected the same afternoon. Sims was then reassigned, but a third successful purchase of drugs from Simmons via the informant was conducted by Officer Duncan, with the result being relayed to Sims.
 
 
 3
 On the morning of March 19, 1992, while on patrol, Sims was asked to investigate four school-aged youths standing near the Town Shop on Main Street, in an area known to be inhabited by drug users. Sims responded by approaching the group and asking each of the four his name, age, and reason for being out of school. Unbeknown to Sims, Simmons was among the group. When Simmons stated his name, Sims immediately recognized it as that of the person who had been involved in the earlier drug sales, and took Simmons aside for further questioning. During the course of questioning, Sims asked Simmons whether he had a pager. Simmons denied this, and spontaneously opened his coat to prove the point, whereupon Sims observed a bulge in Simmons's waistband which he believed to be the butt of a gun. Sims reached out to conduct a pat-down search, but Simmons attempted to flee. During the ensuing scuffle, Simmons took a bag of what later proved to be 6.22 grams of crack cocaine from his jacket and threw it into the street. He was arrested and a federal indictment followed.
 
 
 4
 Simmons unsuccessfully moved to suppress the crack cocaine. The government then learned that the two November purchases of drugs from Simmons had been fabricated by the informant. When Simmons learned of this, he again moved for suppression. The district court denied this second motion on the basis that Sims's conduct was supported by the third sale. The case was tried with the result noted above, and Simmons now appeals, challenging the district court's suppression decisions.
 
 II.
 
 5
 It is well established that a person is not seized within the meaning of the Fourth Amendment when he or she is merely approached by the police in a public place and asked to answer some questions. Florida v. Royer, 460 U.S. 491, 497 (1983); United States v. Gray, 883 F.2d 320, 323 (4th Cir. 1989). Here, Simmons does not dispute the fact that he was standing in a public street when approached by Sims, that Sims asked him and his companions their name, age, and school status, and that he willingly responded to Sims's questions. (J.A. at 15). Thus, the manner in which contact with Simmons was initiated does not implicate the Fourth Amendment.
 
 
 6
 The contact with Simmons became something more than a casual police-citizen encounter as events evolved. The turning point likely came when Sims recognized Simmons's name as that of the drug dealer set up by the informant and questioned him separately. Even excluding the two fabricated sales, Sims was aware at the time of this encounter that Simmons had been involved in a third sale only one month previous. Additionally, it was likely that Simmons was truant from school (Simmons admitted that he would have been in school, had his father not asked him to pay bills), and the young men were standing in an area known to be frequented by drug users. Under the totality of the circumstances test used to determine the existence of a reasonable suspicion of criminal conduct, United States v. Sokolow, 490 U.S. 1, 8 (1989), Sims had a reasonable suspicion sufficient to support an investigative detention under Terry v. Ohio, 392 U.S. 1 (1968), after he learned Simmons's name.
 
 
 7
 Simmons's decision to flee the lawful detention and then take the bag of crack cocaine from his person and throw it into the street further supports denial of suppression. A defendant may not challenge the seizure of an object which he or she has abandoned. Abel v. United States, 362 U.S. 217, 241 (1960); United States v. McLaughlin, 525 F.2d 517, 519-20 (9th Cir. 1975) (contraband thrown from moving truck as police pursuing deemed abandoned), cert. denied, 427 U.S. 904 (1976). Pursuant to the Terry analysis, as augmented by Simmons's abandonment of the drugs, we find that the district court correctly denied Simmons's motions to suppress evidence.
 
 
 8
 For the foregoing reasons, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED